# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40445

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LENNOARD RAY HARE, also known as Leo, also known as Griz,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-277
USDC No. 4:12-CR-97-1

Before DENNIS, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Lennoard Ray Hare, federal prisoner # 43938-177, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion that challenged his conviction for conspiracy to distribute and possess with intent to distribute cocaine and marijuana. He also seeks to appeal the disposition of his § 2255 motion without an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40445

Hare asserts that his trial counsel was ineffective for failing to move to suppress evidence found as a result of a traffic stop of a car in which he was a passenger. He maintains that the stop was impermissibly prolonged after the purpose of the stop was resolved and that the continuation of the stop to permit a K-9 unit to sweep the car was improper. Hare argues that the introduction of the evidence attributable to the illegal search was prejudicial.

A COA may issue if a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If, as in this case, the district court denied relief on the merits, a prisoner must show that jurists of reason could debate the district court's resolution of his constitutional claims or that the issues asserted were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Hare has not made the required showing. Accordingly, his motion for a COA is denied.

We treat his motion for a COA regarding the district court's denial of an evidentiary hearing as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). He has failed to show that the district court abused its discretion in denying relief without holding an evidentiary hearing. *See United States v. Cavitt*, 550 F.3d 430, 435, 442 (5th Cir. 2008). The judgment of the district court is affirmed as to that issue. *See Norman*, 817 F.3d at 234.

COA DENIED; AFFIRMED.